**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRANDON CHE LEE, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| USP ATLANTA'S WARDEN, and | : | CIVIL ACTION NO. |
| all of the staff who involved in this | : | 1:18-CV-0165-ODE-JFK |
| complaint, | : | |
| Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Brandon Che Lee, Federal Bureau of Prisons identification number

45296-112, confined in the United States Penitentiary in Atlanta, Georgia, has

submitted a complaint – along with two later filed complaints which have been

consolidated into this action by separate order.[1]  The Clerk of Court is **DIRECTED**

to adjust the docket to show that this is a civil rights action under 28 U.S.C. § 1331 as

Plaintiff is a federal prisoner.  The matter is before the Court on Plaintiff's complaint,

(Compl., ECF No. 1), and consolidated supplemental complaints, (Suppl. Compls.

---

[1]The two later filed complaints originally were docketed as civil action numbers
1:18-cv-0454 and 1:18-cv-0615.

0454 and 0615, ECF Nos. 2-3), in which Plaintiff complains about matters related to his confinement.

Plaintiff currently is serving a 240-month term of imprisonment based on his convictions for mail fraud and identification-document crimes. United States v. Lee, No. 8:07-cr-0207-AG-1 (C.D. Cal. June 3, 2010). Plaintiff is a prolific filer who generally complains about matters such as electronic shocks while his blood pressure is being taken, difficulty contacting family members and the effect that his conviction has had on his relationship with his family members, the provision of poisonous food items from various sources and at numerous times, and fellow prisoners fumbling their penises in numerous locations and at virtually all times of the day. See generally Final R. & R., Lee v. Warden, No. 1:16-cv-4401-ODE (N.D. Ga. Feb. 7, 2017); Final R. & R., Lee v. Warden, No. 1:16-cv-4009-ODE (N.D. Ga. Dec. 30, 2016); Final R. & R., Lee v. Jeong, No. 1:16-cv-3935-ODE (N.D. Ga. Dec. 19, 2016); Final R. & R., Lee v. Unnamed Defendant, No. 1:16-cv-3279-ODE (N.D. Ga. Nov. 15, 2016).

Plaintiff's current allegations are similar to the allegations that he has made in his numerous prior actions. (See Compl. and Suppl. Compls. 0454 and 0615). Plaintiff also periodically asserts that he has been exposed to cigarette smoke on certain days, (Compl. at 3, 6; Suppl. Compl. 0454 at 5), and that prison staff are trying

2

to beat him up through other inmates (apparently shown by an inmate yelling at Plaintiff), (Suppl. Compl. 0615 at 5-6).  Plaintiff further states that a staff member has rubbed his body, allegedly in order to sexually harass Plaintiff, (Compl. at 6; Suppl. Compl. 0615 at 1-2), and that a lieutenant rubbed his entire body at the kitchen door and "is intentionally touching my ball with his two hands" and "is always" targeting Plaintiff at the kitchen door, (Compl. at 1-2).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  See Order, Lee v. Feather, No. 3:16-cv-1536-HZ (D. Or. Sep. 22, 2016) (listing three district court

dismissals); see also Lee v. Maye, Appeal No. 14-3214 (10th Cir. Jan. 7, 2015) (dismissing appeal as frivolous).  The Court finds that Plaintiff's pleadings are on the whole frivolous and that his allegations of intrusive touching at the kitchen door do not show that he is in imminent danger of serious physical injury.  See Husband v. Aleman-Acevedo, No. 3:16-CV-498, 2017 WL 157782, at *2 (M.D. Pa. Jan. 13, 2017) (finding that prisoner's allegations – that in the months prior to his filing his complaint an officer had "groped his genitals and buttocks during pat-down searches, yanked his hand restraints, stared at his genitals, and made a sexual remark while he was in the shower" – failed to show that prisoner was in imminent danger of serious physical injury); cf. Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (finding that, although prisoner stated a claim based on his privacy rights, "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury" and that such allegation does not state a claim under the Eighth Amendment).

Additionally, Plaintiff's allegations of vague threats, general sexual harassment, and periodic exposure to cigarette smoke do not rise to the level of showing that he is in imminent danger of serious physical injury.  See Gresham v. Jenkins, No. 2:15-CV-11640, 2015 WL 3403942, at *3-4 (E.D. Mich. May 26, 2015) (finding that sexual

4

abuse allegations – by prisoner who had a history of filing numerous delusional claims – were unsupported and failed to show that the prisoner was in imminent danger); Bozeman v. Miles, No. 2:07-CV-182-MHT, 2007 WL 1034953, at *1 (M.D. Ala. Mar. 30, 2007) (finding that allegations of sexual harassment did not show that the prisoner was under imminent danger of serious physical injury); see also Foster v. Unidentified Party, 34 F. App'x 963, 2002 WL 663757, at *1 (5th Cir. 2002) (rejecting claim that exposure to second-hand smoke presented an imminent danger of serious physical injury); Gibbs v. Santos, No. 4:16-CV-12-DMB-JMV, 2016 WL 4919895, at *3 (N.D. Miss. Sept. 14, 2016) (rejecting claim that exposure to second-hand smoke presented an imminent danger under § 1915(g) to prisoner who was concerned about exposure when he had only one kidney); Johnson v. Mercer, No. 4:13CV321-RH/CAS, 2013 WL 4549052, at *2 (N.D. Fla. Aug. 28, 2013) (finding that danger from unwanted tobacco smoke does not qualify as imminent danger whereas danger from "'internal bleeding, intestinal obstruction, gangrene, and death' due to delayed hernia surgery" would qualify as imminent danger (quoting Jackson v. Jackson, 456 F. App'x 813, 814 n.* (11th Cir. Jan.31, 2012)); Wilson v. Riley, No. 2:07-CV-891-WKW, 2007 WL 3120133, at *1 (M.D. Ala. Oct. 23, 2007) ("While second hand smoke can cause health

5

problems, these potential ailments are not sufficiently imminent to allow Wilson an exception to the frequent filer provision of 28 U.S.C.1915(g).").

Accordingly,

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action, as consolidated, be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to withdraw the references to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 15th day of February, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6